# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff  )<br>  )<br>vs.  )<br>  )<br>ANTHONY JUAN ARMENTA  )<br>and KEVIN RAY WARD,  )<br>  )<br>Defendants.  )<br>  ) | Case No. CR-21-208 PRW |

## ORDER

Before the Court are Defendant Kevin Ray Ward's "Renewed Unopposed Motion to Extend Scheduling Order Deadlines" (Dkt. 35) and Defendant Anthony Juan Armenta's "Renewed [Motion] to Extend Scheduling Order Deadlines" (Dkt. 36).

Defendants' trial is currently scheduled for next month, July of 2021. Defendants, in their respective motions, request that the Court extend the current pretrial motions schedule and trial date for not less than sixty (60) days in order to allow Defendants and their Counsel the time necessary to review discovery, obtain additional discovery, evaluate potential pretrial motions, and effectively prepare for the trial or other resolution of this case. The Government does not object to the request, and Counsel for Defendants represent that Defendants have waived their right to a speedy trial.

### *Applicable Law*

The Speedy Trial Act is designed to protect a criminal defendant's Sixth Amendment "right to a speedy . . . trial" and to "serve the public interest in ensuring prompt

criminal prosecutions."[1] Section 3161(c)(1) of the Act requires that a criminal trial "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."[2] But the Act also provides "a detailed scheme [in § 3161(h)] under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar."[3] "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h)," the sanction is mandatory dismissal of the indictment upon motion of the defendant.[4]

Section 3161(h)(7)(A) requires exclusion of the following period of delay in computing the time within which the trial must commence:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.[5]

To make an ends-of-justice exclusion, however, the Act requires this Court to "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of

---

[1] *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007) (citing *Zedner v. United States*, 547 U.S. 489 (2006)).

[2] 18 U.S.C. § 3161(c)(1) (2012).

[3] *Williams*, 511 F.3d at 1047–48.

[4] 18 U.S.C. § 3162(a)(2) (2012).

[5] *Id.* § 3161(h)(7)(A).

justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."[6] Moreover, the Act requires the Court to consider the following factors:

> **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> **(iii)** Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> **(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[7]

This ends-of-justice exclusion "was meant to be a rarely used tool for those cases demanding more flexible treatment."[8] The statutory requirement that a district court specify its reasons for granting an ends-of-justice continuance ensures that the relevant factors are

---

[6] *Id.*

[7] *Id.* § 3161(h)(7)(B).

[8] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989)).

being considered, avoids the risk of granting continuances for the wrong purposes, prevents overuse of this narrow exception, and provides the appellate courts with an adequate record to review.[9]

The case of *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), is perhaps the most instructive case in our circuit on the ends-of-justice exclusion, stating that:

> [a] record consisting of only short, conclusory statements lacking in detail is insufficient. For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial. Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough.[10]

Furthermore, the Tenth Circuit held in the *Toombs* case that it was insufficient to merely state that "discovery was recently disclosed and counsel consequently needed additional time to prepare for trial."[11] Instead, there must be at least an explanation, preferably with details, of why a certain event would require additional time to prepare for an upcoming trial—such as a discussion as to the nature of recently disclosed discovery and its relevance and importance to the case, or a detailed explanation about conflicting trials.[12]

---

[9] *Id.* (citing *Doran*, 882 F.2d at 1515).

[10] *Id.* at 1271–72 (citing *Williams*, 511 F.3d at 1058; *United States v. Gonzales*, 137 F.3d 1431, 1434–35 (10th Cir. 1998)).

[11] *Id.* at 1272.

[12] *Id.* ("There is no indication from either Toombs's motions or the district court's orders as to the nature of the recently disclosed discovery, the relevance or importance of the discovery, or why the district court thought it proper to grant an approximately two-month continuance in each of the orders. . . . In [*United States v.*] *Occhipinti*, [998 F.2d 791 (10th Cir. 1993),] the government's listing of the dates for each of the three other trials and their expected durations provided an explanation, although not optimally detailed, of why these

*Analysis*

The Court finds that a denial of the requested continuance would result in a miscarriage of justice and deny Counsel for Defendants the reasonable time necessary for effective preparation.

The Eastern District of Oklahoma has seen an influx of criminal cases in the wake of the United States Supreme Court's decision in *McGirt v. Oklahoma*.[13] Consequentially, criminal defense lawyers from across the nation have had to step in to meet the increased caseload. This, however, comes with certain logistical difficulties, as this case illustrates.

For starters, differences in time zones limit the usable hours for consultation and investigation. As Counsel for Mr. Armenta explains:

> The six-hour time difference between Oklahoma and Hawaii limits the number of "usable" hours in the day to approximately 7:00 a.m. HST and 11:00 a.m. HST. Coupled with counsel's other cases and court hearings, this shortened window has caused delays in scheduling legal calls. [. . .] For example, an individual contacted in connection to this case returned counsel's calls at 3:00 a.m. HST.

And the "the physical distance between Mr. Armenta and counsel," his attorney continues, "requires additional time to appropriately build rapport," an important aspect of the relationship between a criminal defendant and his attorney.

---

events, the trials, would require additional time for the government to prepare for the upcoming trial, which it expected to last for ten to fifteen days.")

[13] 140 S.Ct. 2452, 207 L.Ed.2d 985 (2020).

Finally, the significant distance between Oklahoma, on the one hand, and Hawaii and California, on the other, has greatly hindered the ability of counsel and client to meet in person.

And there is another, unrelated circumstance necessitating a continuance: Both Counsel for Mr. Ward and Counsel for Mr. Armenta have responsibilities in older cases that take precedence over this one, including a post-conviction death-penalty case and a pending federal trial for a death-eligible defendant.

For these reasons, and those given in Defendant Kevin Ray Ward's "Renewed Unopposed Motion to Extend Scheduling Order Deadlines" (Dkt. 35) and Defendant Anthony Juan Armenta's "Renewed [Motion] to Extend Scheduling Order Deadlines" (Dkt. 36), the Court finds that this is the rare case "demanding more flexible treatment"[14] and that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendants in a speedy trial.

Accordingly, the Court **GRANTS** Defendant Kevin Ray Ward's "Renewed Unopposed Motion to Extend Scheduling Order Deadlines" (Dkt. 35) and Defendant Anthony Juan Armenta's "Renewed [Motion] to Extend Scheduling Order Deadlines" (Dkt. 36). The pretrial motion deadline is **EXTENDED** to August 3, 2021, and the trial is **STRIKEN** from the July 2021 trial docket and **RESET** to the September 2021 trial docket. The period of delay resulting from this continuance is excludable time, as provided in 18 U.S.C. § 3161(h)(7)(A).

---

[14] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989)).

**IT IS SO ORDERED** this 16th day of June 2021.

                                                  _____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE